UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CARL ZEISS INDUSTRIAL METROLOGY, LLC, a New York limited liability company, | Civ. Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| OAKLAND AUTOMATION, LLC, a Delaware limited liability company, | |
| Defendant. | |

---

## **COMPLAINT**

Plaintiff Carl Zeiss Industrial Metrology, LLC ("Zeiss" or "Plaintiff"), through its counsel Miller Canfield Paddock and Stone, P.L.C. and Holwell Shuster & Goldberg LLP, for its Complaint against Defendant Oakland Automation, LLC ("Oakland Automation" or "Defendant"), respectfully states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Zeiss is a limited liability company organized under the laws of New York with its principal place of business in Thornwood, New York. Zeiss has a sole member, Carl Zeiss, Inc., which is a New York corporation with its principal place of business in Thornwood, New York.

2. Oakland Automation is a limited liability company organized under the laws of Delaware with its principal place of business in Livonia, Michigan. Upon information and belief, members of Oakland Automation are domiciled in Michigan and Canada.

1

3. Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Agreement (defined *infra*) forming the basis for this dispute requires that any disputes arising under the Agreement shall be governed by the laws of the state of New York and resolved in the federal courts located in New York County, New York.

## FACTUAL ALLEGATIONS

**A.  The Parties' Agreement**

5. Zeiss is one the world's leading manufacturers of measuring instruments including measuring machines, optical and multisensory systems, and metrology software for the automotive industry.

6. Oakland Automation specializes in design, installation, engineering, and integration of robotic systems.

7. In July 2021, Zeiss sent to Oakland Automation a revised Request for Quote for a project to engineer, fabricate, build, and integrate components of Zeiss ABIS Sensors and Kawasaki RS080N Industrial Robots (the "Robot ABIS BIW System"), to ship and install the completed Robot ABIS BIW System, and to provide all mechanical, electrical, PLC and process/robot programing required to launch, de-bug, and receive factory acceptance of the Robot ABIS BIW System.

8. The Robot ABIS BIW System, which included the integration of Zeiss ABIS Sensors and Kawasaki RS080N Industrial Robots into a structural arch that was to be installed on

a vehicle production line, was intended to robotically inspect new model Toyota Sequoias at the Toyota Motor Manufacturing facility located in San Antonio Texas (the "TMMTX").

9. On September 24, 2021, and based on Zeiss's revised Request for Quote, Oakland Automation issued its proposal for the engineering, integration, provision, assembly, modular build, installation, and start-up of the Robot ABIS BIW System at TMMTX (the "Oakland Automation Proposal").

10. In response to the Oakland Automation Proposal, in March of 2022, Zeiss issued Purchase Order 6810008615 to Oakland Automation, which incorporated the Oakland Automation Proposal for, among other things, engineering, fabricating, building, and integrating the Robot ABIS BIW System; testing the Robot ABIS BIW System; shipping and installing the Robot ABIS BIW System at TMMTX; and providing all mechanical, electrical, programable logic controllers and process/robot programmers on site at TMMTX to de-bug, startup up and launch the Robot ABIS BIW System.

11. Oakland Automation accepted Purchase Order 6810008615, which together with the Oakland Automation Proposal referenced in the Purchase Order constitutes the parties' agreement (the "Agreement"). A true and accurate copy of the Agreement is attached hereto and incorporated herein as **Exhibit 1**.

12. Pursuant to the Agreement, Zeiss agreed to pay the total amount of $650,000 to Oakland Automation for, among other things, engineering, fabricating, building, and integrating the Robot ABIS BIW System; testing the Robot ABIS BIW System; shipping and installing the Robot ABIS BIW System at TMMTX; and providing all mechanical, electrical, programable logic controllers and process/robot programmers on site at TMMTX to de-bug, startup up and launch the Robot ABIS BIW System.

B.  **Oakland Automation's Breaches of Its Obligations**

13. Zeiss made its first two payments (totaling $585,000) as required under the Agreement.

14. Nevertheless, on February 22, 2023, Oakland Automation sent a letter to Zeiss in which it announced that it would not comply with its obligations under the Agreement. Among other things, Oakland Automation refused to ship the Robot ABIS BIW System unless Zeiss paid an additional $56,680 and issued a new Purchase Order (with "Net 0" payment terms). A true and accurate copy of Oakland Automation's correspondence is attached hereto and incorporated herein as **Exhibit 2**.

15. In its February 22 letter, Oakland Automation also stated that upon receipt of the additional demanded payment, its shipment of the Robot ABIS BIW System would conclude its obligations under the Agreement, and that it would not install Robot ABIS BIW System at TMMTX or fulfill its other obligations under the Agreement, including but not limited to, testing the Robot ABIS BIW System; and providing all mechanical, electrical, programable logic controllers and process/robot programmers on site at TMMTX to de-bug, startup up and launch the Robot ABIS BIW System. *Id*.

16. On February 23, 2023, the national sales Manager for Oakland Automation speaking on behalf of Oakland Automation told Zeiss that Oakland Automation was "breaking the Agreement."

17. On February 28, 2023, in response to Oakland Automation's breaches and expressed intention to refuse to honor the Agreement, Zeiss issued a notice of breach and demand for assurances of due performance to Oakland Automation. A true and accurate copy of Zeiss's correspondence is attached hereto and incorporated herein as **Exhibit 3**.

18. After its receipt of Zeiss's notice of breach and demand for assurances of due performance, Oakland Automation did not provide assurance that it would perform its obligations under the Agreement, and did not otherwise cure its breach.

19. Instead, on March 10, 2023, Oakland Automation demanded an additional $106,747, plus "additional costs for labor, travel, per diem, etc. in a Time and materials rate" to complete the same work it was already contractually obligated to provide under the Agreement. A copy of Oakland Automation's correspondence is attached hereto and incorporated herein as **Exhibit 4**.

20. In total, between its February 22, 2023 and March 10, 2023 correspondence, Oakland Automation sought an additional $163,427 payment for work it was already contractually obligated to perform under the Agreement.

21. On March 24, 2023, Zeiss again issued a notice of breach and demand for Oakland Automation's performance under the Agreement. A copy of Zeiss's correspondence is attached hereto and incorporated herein as **Exhibit 5**.

22. Despite Zeiss's repeated demands for performance, Oakland Automation has failed to meet its obligations under the Agreement or to provide assurances that it intends to perform.

23. Among other breaches, Oakland Automation did not ship the Robot ABIS System to TMMTX.

24. Oakland Automation also did not install the Robot ABIS BIW System at TMMTX.

25. Oakland Automation also has not provided mechanical, electrical, programable logic controllers and process/robot programmers on site at TMMTX to de-bug, startup up and launch the Robot ABIS BIW System.

C. **Zeiss's Damages**

26. Oakland Automation's actions have caused Zeiss substantial damages in excess of $75,000, in a total amount to be determined at trial, plus interest and attorneys' fees.

27. The damages Zeiss has suffered, will continue to suffer, and will suffer in the future, include, but are not limited to, actual and consequential damages relating to the shipment of the Robot ABIS BIW System, installation of the Robot ABIS BIW System, testing the Robot ABIS BIW System, and providing all mechanical, electrical, programable logic controllers and process/robot programmers on site at TMMTX to de-bug, startup up and launch the Robot ABIS BIW System.

## COUNT I
**(Breach of Contract – Breach of the Agreement)**

28. Zeiss hereby restates and reincorporates paragraphs 1 through 27 above as though fully set forth herein.

29. The Agreement between Zeiss and Oakland Automation constitutes a contract and sets forth the obligations of the parties thereunder.

30. Zeiss performed its material obligations under the Agreement and all conditions precedent to Zeiss's enforcement of the Agreement have been satisfied and/or performed.

31. Despite notices of its breach and an opportunity to cure having been provided by Zeiss to Oakland Automation, Oakland Automation has failed and refused and continues to fail and refuse to perform its obligations under the Agreement, and therefore, breached and is in default of its contractual obligations under the Agreement.

32. Oakland Automation materially breached the Agreement in at least the following respects: (a) failing to ship the Robot ABIS BIW System to TMMTX; (b) failing to provide all mechanical, electrical, programable logic controllers and process/robot programmers on site at TMMTX to de-bug, startup up and launch the Robot ABIS BIW System; (c) failing to install the

Robot ABIS BIW System at TMMTX; and (d) demanding additional payments not contemplated under the Agreement without a written change order.

33. As a result of Oakland Automation's breaches, Zeiss has suffered damages and continues to suffer damages in a substantial amount to be proven at trial, which damages Zeiss is entitled to recover from Oakland Automation, plus interest and attorneys' fees.

## COUNT II
### (Breach of Contract – Anticipatory Repudiation of the Agreement)
### NY UCC § 2-609

34. Zeiss hereby restates and reincorporates paragraphs 1 through 33 above as though fully set forth herein.

35. The Agreement is a contract for sale such that each party's expectation for receiving performance shall not be impaired.

36. As a result of Oakland Automation's February 22, 2023 correspondence and the February 23, 2023 statements by its national sales manager, Zeiss became insecure regarding Oakland Automation's performance under the Agreement.

37. On February 28, 2023, Zeiss issued a written demand to Oakland Automation seeking assurances of Oakland Automation's intent to perform its obligations under the Agreement.

38. On March 10, 2023, Oakland Automation responded in writing, but it did not provide assurances of its performance. Oakland Automation instead sought an additional $106,747 in payment for work it was contractually obligated to perform under the Agreement.

39. Despite Zeiss's repeated demands for performance, Oakland Automation has failed to meet its obligations under the Agreement or to provide assurances that it intends to perform.

40. As a result of Oakland Automation's breaches, Zeiss has suffered damages and continues to suffer damages in a substantial amount to be proven at trial, which damages Zeiss is entitled to recover from Oakland Automation, plus interest and attorneys' fees

**WHEREFORE**, Plaintiff Carl Zeiss Industrial Metrology, LLC respectfully asks this Court to enter judgment in its favor, awarding relief as follows:

1. Enter judgment against Defendant Oakland Automation, LLC and in favor of Plaintiff Carl Zeiss Industrial Metrology, LLC in an amount to be determined at trial;

2. Award Plaintiff Carl Zeiss Industrial Metrology, LLC reasonable attorneys' fees and costs to the extent permitted by law and the Agreement;

3. Grant such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ Scott M. Danner
425 Lexington Avenue. 14th Floor
New York. NY 10017
Telephone: (646) 837-5151
Fax: (646) 837-5150
sdanner@hsgllp.com

MILLER, CANFIELD, PADDOCK
& STONE, PL
A. Michael Palizzi (*pro hac vice forthcoming*)
150 West Jefferson, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-7500
palizzi@millercanfield.com

*Attorneys for Plaintiff Carl Zeiss Metrology, LLC*

Dated: June 19, 2023